IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UPRIGHT LAW,** *et al.*, <br><br>                 Appellants, <br><br> v. <br><br> **NANCY GARGULA, UNITED STATES TRUSTEE,** <br><br>                 Appellee. | No. 20-CV-01006-SPM (lead case) |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

      The lead case in this appeal is consolidated with thirty-three other appeals presenting identical issues. Appellants here argue that minute entries of the Bankruptcy Court denying Motions to Close that included the language "[o]rder to enter" are documents from which a party may appeal. Federal district courts have jurisdiction to hear appeals from bankruptcy courts "[f]rom final judgments, orders, and decrees; and with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).

      While very little case law exists to determine whether minute entries can be construed as an order, much less the finality of them, this Court observes that Chief United States Bankruptcy Judge Laura K. Grandy's minute entries were not orders. Judge Grandy included the language "[o]rder to enter" in the minute entries and she also explicitly stated that she would issue written orders in each of the cases during the hearings on the motions. *See, e.g., In re Albert Dean Johnson, II*, Bankr.

SDIL Case No. 19-60320-LKG, Docs. 72, 73. For these same reasons, even if they could be construed as orders, the minute entries were in no way final orders. *See B-3 Properties, LLC v. Lasco*, 517 B.R. 889, 894 (N.D. Ind. 2014); *Foremost Sales Promotions, Inc. v. Dir., Bureau of Alcohol, Tobacco and Firearms*, 812 F.2d 1044, 1045 (7th Cir. 1987).

Extending further for argument's sake, the Court would also not hear these appeals even if the minute entries could be construed as interlocutory orders. This Court enjoys subject matter jurisdiction over interlocutory appeals from bankruptcy court pursuant to FED. R. BANK. P. 8004, as well as 28 U.S.C. § 158. Section 158(a) provides that this Court has jurisdiction over all final judgments, orders, or decrees from bankruptcy court, and that this Court, with leave of court, can entertain appeals of all other interlocutory matters. Section 158(c)(2) narrows the scope of jurisdiction over interlocutory appeals by providing that this Court shall enjoy jurisdiction over appeals of interlocutory orders if the appeal is taken in the same manner as a typical civil appeal from a district court to the Court of Appeals.

Ordinary civil appeals of interlocutory orders fall within the scope of 28 U.S.C. § 1292. Section 1292 provides that if a district judge issues an order not otherwise appealable, but is of the opinion that said order presents a controlling question of law for which there is substantial ground for difference of opinion, that judge shall so identify the issue in writing. The Court of Appeals may then exercise discretion to take the issue up in an interlocutory appeal.

The Seventh Circuit addressed the interplay between § 158 and § 1292(b) in

*In re Jartran, Inc.*, 886 F.2d 859, 865-66 (7th Cir. 1989). The Court determined that § 158(c) commands that appeals be taken in the same manner as those from district court to appellate court under § 1292(b). *Id.* at 866. The Court also found that leave of court can be granted by district courts to hear interlocutory bankruptcy appeals where the issues involved are sufficiently important to justify review of a matter other than a final judgment. *Id.* at 865.

Carving out the certification requirement of § 1292(b), that leaves the mandate that an order not otherwise appealable may be appealed if: (1) such order involves a controlling question of law as to which there is substantial ground for difference of opinion and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. If that standard is met, an appellate court reviewing a district court action then has discretion to take the appeal. So, the standard becomes that this Court may grant leave to hear an interlocutory appeal in a bankruptcy case where the appeal presents the court with a substantially debatable question of law that would materially impact the termination of the case.

Here, Appellants are asking this Court to grant leave to consider the propriety of the bankruptcy court's refusal to close the case and the court's jurisdiction to grant 2004 examinations related to fees and other alleged irregularities given the stage of the cases. But Judge Grandy's decision to keep the cases open and grant 2004 examinations was a discretionary and fact-based decision. While 11 U.S.C. § 350(a) of the Bankruptcy Code states that "[a]fter an

estate is fully administered and the court has discharged the trustee, the court shall close the case," § 350(b) provides that the bankruptcy court may reopen the case "to administer assets, to accord relief to the debtor, or for other cause." And § 329(b) allows the bankruptcy court to review fee arrangements and fees paid to attorneys in bankruptcy cases. Under § 329(b), "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." The Court will not exercise jurisdiction over a fact-based and discretionary decision by the Bankruptcy Court because it does not present a controlling and dispositive issue of law.

## CONCLUSION

Accordingly, this Court **DENIES** the Appellants' requests to appeal and **DISMISSES** the appeals. The Motion for Expedited Resolution of Appealability (Doc. 51) and Motion to Stay (Doc. 53) in the lead case are **DENIED** as **MOOT**. The Clerk of Court is **DIRECTED** to close the cases.

**IT IS SO ORDERED.**

DATED:   April 16, 2021

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
